THE TEACHERS' ASSOCIATION OF PUERTO RICO, Petitioner, v. DISTRICT COURT OF MAYAGÜEZ, Respondent.

No. 1673. Argued November 5, 1946.—Decided December 3, 1946.

*Virgilio Brunet* for petitioner. *José Sabater* for interveners, petitioners in the administration proceeding.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The facts in this case, according to the petitioner, and which facts have not been contradicted, are as follows:

In the District Court of Mayagüez, a proceeding (civil case No. R.–1855) was brought for the judicial administration of the estate of Gertrudis Ruiz, whose heirs, according to an order of said District Court, are Petra and Luisa Osorio Ruiz,

and Carmen Luisa and Pedro Gumbe Ruiz, nieces and nephew, respectively, of the decedent.

Gertrudis Ruiz was a member of the Teachers' Association of Puerto Rico until her death and her beneficiaries were entitled to the death benefits which are determined and paid pursuant to the provisions of Article 11 of the Regulations of the Teachers' Association of Puerto Rico.[1]

Pursuant to these regulations, the Local Board of Mayagüez of the Teachers' Association of Puerto Rico directed that the death benefits of Gertrudis Ruiz should be paid to Carmen Luisa and Pedro Gumbe Ruiz, her niece and nephew.

When the Teachers' Association had already paid one part of the benefits to the above niece and nephew, her other two nieces Petra and Luisa Osorio Ruiz moved the District Court of Mayagüez to order the Teachers' Association of Puerto Rico to deposit the balance of the death benefits in said court

---

[1] Article 11, subdivision ''F'', provides:

''F. Declaration of Beneficiaries. Every member of this Association shall fill a card, which shall be supplied, and indicate therein the name of the person or persons who shall become beneficiaries of his Insurance in case of death. This card shall be signed by the member in the presence of the President and Treasurer of the Local Board who shall certify the document and send it to the main office of the Association where it shall be formally filed.

''These cards shall have no value in so far as the Insurance is concerned if at the time of the death of the member they are out of the official files of the Association.

''If a deceased member fails to indicate in writing the name of his beneficiary or beneficiaries, according to the provisions of these Regulations, the President of the Association shall inform it to the President of the Local Board to which the deceased member was affiliated who shall immediately call the Local Board to a special session in order to make a report of this circumstance, so that immediately a proper investigation be carried out by its members in order to determine the relatives of the member. At a subsequent meeting of this Local Board a formal agreement shall be made whereby at their discretion a distribution of the death benefits of the deceased member shall be made to the person or persons who are most entitled or having greater need among the widow, children, parents, brothers, sisters, or other descendants who are directly connected with the deceased teacher; this agreement, duly certified, shall be sent to the President of the Association for his approval and compliance.

''If the deceased teacher should have no forced heirs or a person designated to receive the death benefits, the same shall be deposited after the expiration of one year in the Insurance Reserve Funds.''

on behalf of Petra and Luisa Osorio Ruiz. This action was based on the fact that, since there were three nieces and one nephew, the death benefits were part of the hereditary estate and, therefore, should have been distributed share and share alike among them. Upon deciding this motion, the district court, without requiring the Teachers' Association of Puerto Rico to be made a party, granted the same directing the Clerk to issue the corresponding order requiring the Teachers' Association of Puerto Rico to deposit the balance of the death benefits in said court. In its order the district court made an analysis of the provisions of the Regulations of the Teachers' Association of Puerto Rico in pursuance of which, when a member leaves no forced heirs or fails to designate a person to receive the death benefits, the amount of the insurance after one year has elapsed should be deposited in the Insurance Reserve Funds of the Association.

The Teachers' Association learned of these proceedings in the District Court of Mayagüez when it was notified with a copy of the order. Immediately it moved the lower court for an opportunity to be heard and in support of this motion it filed a memorandum of authorities. Plaintiffs opposed this motion and the court dismissed it. Twenty days later the court issued an order directing the officers of the Teachers' Association to appear on September 12 before said court to show cause why they should not be punished for contempt for failure to deposit with the clerk the balance of the death benefits. The Association appeared and submitted a memorandum of authorities in support of its answer to the order to show cause wherein it alleged that the lower court lacked jurisdiction and legal authority to require the Teachers' Association of Puerto Rico to deliver any amount of money without having its day in court or without having been given an opportunity to be heard with respect to the control that the Teachers' Association of Puerto Rico alleges to have over the death benefits of Gertrudis Ruiz.

The district court took the case under advisement and on September 25 issued an order declaring the officers of the petitioner herein guilty of contempt and setting October 14 for the pronouncement of sentence.

In order to review these proceedings we issued the writ of certiorari in the present case.

We see no need of considering or deciding the scope or construction of Article 11 of the Regulations of the Teachers' Association as to whether, according to the provisions thereof, the death benefits of Gertrudis Ruiz should have been distributed by the Association among her three nieces and nephew. The sole main question before us is whether the lower court has jurisdiction to punish for contempt the petitioner herein, as it said it would do in its order of September 25, 1946, unless it complied with the previous order to deposit the balance of the death benefits of Gertrudis Ruiz in the lower court to be delivered to the other two nieces who did not appear as beneficiaries of said benefits.

■ We have decided that no one may be punished for disobeying an order of a court rendered without jurisdiction. *Nuñez* v. *Soto Nussa,* 14 P.R.R. 190; *Municipal Assembly* v. *District Court,* 36 P.R.R. 650; *Paniagua* v. *District Court,* 34 P.R.R. 648: *Ex parte Le Hardy,* 17 P.R.R. 985; *Coll* v. *Leake, District Judge,* 17 P.R.R. 823. Did the lower court have jurisdiction in this case? Our answer is in the negative.

■ The death benefits of Gertrudis Ruiz paid to the Association to be distributed at her death among the beneficiaries designated by her or those who should be designated by the Association under Article 11, *supra,* are not part of the hereditary estate subject to the judicial administration pending before the lower court. It is the same as the proceeds of an insurance policy whose beneficiaries are freely designated by the insured independently of the legal provisions relating to hereditary rights. See *Oliver* v. *Oliver,* 57 P.R.R. 478, and *Espósito* v. *Guzmán,* 45 P.R.R. 771. May the court, in a judicial administration of the hereditary estate of a decedent,

order an entity, which is not a party in the administration and has in its possession property that *prima facie* does not form part of the inheritance, to deposit in court as part of said estate the property it has, without the entity having had its day in court? In our opinion it lacks jurisdiction and a noncompliance with the order does not constitute contempt.

 The determination of whether or not the death benefits in the case at bar were properly distributed by the Teachers' Association among the beneficiaries of Gertrudis Ruiz or whether said benefits should become part of the funds of the Association itself, are questions which depend on the construction of the terms and conditions of the contract which existed between Gertrudis Ruiz and the Teachers' Association executed under Article 11 of its Regulations, *supra,* which questions could not be properly decided within the judicial administration proceeding.

 The Teachers' Association was not and could not be a party to said proceeding and was not entitled to intervene therein.[2] This was admitted by petitioner itself at the hearing. Nevertheless, it was brought into the proceeding and unduly ordered by the court to comply with an order issued without jurisdiction (*Towner, Governor* v. *District Court,* 39 P.R.R. 457), and consequently it could not be found guilty of contempt.[3] *McLeod, Auditor* v. *District Court* 47 P.R.R. 318. In order to review this action certiorari is the proper remedy. *Amadeo* v. *Rossy, District Judge,* 21 P.R.R. 333, and *Towner* v. *District Court, supra.*

The petition is granted and accordingly the order rendered by the lower court on September 25, 1946, in civil case No. R–1855, Estate of Gertrudis Ruiz Parra, is hereby set aside.

Mr. Justice Snyder did not participate herein.

[2] Neither under the terms of Rule 24 of the new Rules of Civil Procedure nor under Section 72 of the Code of Civil Procedure could petitioner herein be entitled to such intervention.

[3] The case of *Dubón* v. *Casanova* 65 P.R.R. 786, invoked by the lower court in support of its order is clearly inapplicable to the facts in the present case.